# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Domingo Castillo** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:11CR01368-001JB**<br>USM Number: **80192-080**<br>Defense Attorney: **James Loonam, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Count 1 of Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | 03/09/2011 | 1 |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☒ Count **2** is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**January 30, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**February 15, 2012**
Date Signed

Defendant: **Domingo Castillo**
Case Number: **1:11CR01368-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **77 months**.

**Defendant Domingo Castillo stole a firearm and then returned it. Castillo, pursuant to a Plea Agreement, filed October 13, 2011 (Doc. 26), pled guilty to the Indictment, filed May 5, 2011 (Doc. 1), charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being felon in possession of a firearm. The Plea Agreement stipulates to a sentence of 77-months imprisonment. See Plea Agreement ¶ 5, at 3. The parties agree to a 3-level reduction on Castillo`s offense level "so long as the Defendant continues to accept responsibility for the Defendant`s criminal conduct." Plea Agreement ¶ 14, at 6. Pursuant to the Plea Agreement, Castillo is precluded from seeking any downward departure or variance in his sentence. See Plea Agreement ¶ 9, at 3-4.**

**The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Castillo on November 16, 2011. In the PSR, the USPO calculates Castillo`s total offense level to be 23. See PSR ¶ 30, at 9. The PSR applies a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). See PSR ¶ 22, at 8. The PSR includes a 2-level upward adjustment under U.S.S.G. § 2K2.1(b)(4) based on the firearm being stolen. See PSR ¶ 23, at 8. The PSR includes a 4-level upward adjustment under U.S.S.G. § 2K2.1(b)(6) based on Castillo using or possessing the firearm in connection with another felony offense, specifically felony larceny under New Mexico law. See PSR ¶ 24, at 8. The PSR includes a 3-level reduction under U.S.S.G. § 3E1.1 based on Castillo`s acceptance of responsibility. See PSR ¶ 29, at 9. The PSR lists his criminal history category as VI, based on 15 criminal history points. See PSR ¶ 47, at 20. The PSR calculates that an offense level of 23 and a criminal history category of VI results in a guideline imprisonment range of 92 to 115 months. See PSR ¶ 97, at 32. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.**

**Castillo asks the Court for a 77-month sentence. Plaintiff United States of America agreed to this sentence in the Plea Agreement. See Plea Agreement ¶ 5, at 3. At the sentencing hearing on January 30, 2012, the parties agreed to the Court reducing Castillo`s offense level 3 levels pursuant to U.S.S.G. § 3E1.1. The Court adopts the sentencing calculation in the PSR as its own. An offense level of 23 and a criminal history category of VI produces a guideline sentence of 92 to 115 months.**

**The Court notes that Castillo was in possession of a Glock model 19, nine-millimeter handgun and that Castillo had a prior felony conviction. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Castillo`s offense. The Court agrees with the parties that a sentence of 77 months is sufficient to reflect the seriousness of this offense. The Court agrees with the parties that the 2-level and 4-level enhancement to Castillo`s offense level begin to unfairly punish him multiple times for a single act. The Court would have greater trouble granting a downward variance if the underlying offense conduct involved violent behavior. This offense, however, included no violent conduct. Additionally, it appears that Castillo desired to return the firearm to its owner after stealing it, which is a mitigating factor that undercuts the application of the 2-level enhancement for stealing the firearm. He probably would not have been caught if he had not tried to return the firearm. This downward variance is equivalent to approximately 2 offense levels. The parties arrived at the 77-month sentence based on a conclusion that applying both enhancements -- one for possessing a stolen firearm and one for stealing the firearm -- was unfair under the circumstances. They agreed to a reduction in Castillo`s offense level of approximately 2 levels to help mitigate the effect of these enhancements. Following a 2-level reduction, Castillo`s offense level is 21 and his criminal history category is VI. An offense level of 21 and a criminal history category of VI produces a guideline sentence of 77 to 96 months.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court believes that a sentence of 77 months is appropriate to reflect the seriousness of Castillo`s crime. Other conditions that the Court will require as part of supervised release will also provide Castillo with some needed education, training, and care to prevent these problems from reoccurring. This sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). A 77-month sentence is a significant sentence for this offense -- felon in possession of a firearm. For that reason, the Court believes that the sentence reflects the seriousness of the offense and promotes respect for the law. Given that Castillo did not engage in any particularly dangerous or violent behavior and also tried to return the firearm, the Court believes that the sentence provides just punishment under the circumstances. Because this sentence is significant, the Court believes that it affords**

adequate deterrence both to Castillo specifically and to the public generally. Because Castillo did not engage in any particularly dangerous or violent behavior, the Court believes that the sentence will protect the public. Likewise, Castillo will be roughly forty years old when he completes his sentence, and his risk of recidivism will likely decrease as a result of his age upon release. Imposing an additional 15 months will not more fully reflect the factors embodied in 18 U.S.C. § 3553(a). Because many defendants charged with felon in possession of a firearm have less criminal history than Castillo and do not receive as many enhancements to their offense level as he has, the Court believes that the sentence avoids unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Castillo to 77-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Florence Federal Correctional Institution, Florence, Colorado, if eligible**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
   ☐ at  on
   ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal
   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Domingo Castillo**
Case Number: **1:11CR01368-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☒ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Domingo Castillo**
Case Number: **1:11CR01368-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant must participate in and successfully complete an outpatient substance abuse treatment program, which may include testing, as approved by the probation officer. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.

The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs, alcohol, weapons, or any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.

The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.

The defendant must participate in and successfully complete an outpatient mental health treatment program as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Officer.

Defendant: **Domingo Castillo**
Case Number: **1:11CR01368-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐      The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.000 | $0.00 |

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A      ☒  In full immediately; or

B      ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties:Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**Consistent with a stipulation in the Plea Agreement, the Defendant forfeits his rights, title and interest in a firearm, a Glock model 19, 9x19 caliber pistol, bearing serial number KYP480.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.